IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LAMOS WAYNE STURGIS, | No.   C 08-04672 SBA (PR) |
| Petitioner, | |
| v. | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| VINCENT CULLEN, Warden of California State Prison at San Quentin,[1] | |
| Respondent. | |

Petitioner Lamos Wayne Sturgis, a California state prisoner proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons set forth below, a writ is DENIED.

**BACKGROUND**

On December 6, 2007, Sturgis was arrested for violating conditions of parole. Pet'r's P. & A. at 4, 9; Pet'r's Ex. D. He was placed in the custody of the Contra Costa Detention Facility.

---

[1] Petitioner erroneously named The People of the State of California as the respondent. The appropriate respondent in a habeas action is the person who has custody of a petitioner. See 28 U.S.C. § 2242. Here, that person is Vincent Cullen, Warden of San Quentin State Prison. Accordingly, the Court amends the petition to name Cullen as the respondent. See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994); 28 U.S.C. § 2242.

On December 10, 2007, petitioner filed a grievance with jail authorities complaining that a correctional officer had refused to file a Cal. Penal Code § 1381 Notice and Demand for Trial on charges stemming from his arrest, namely of theft and unlawful driving or taking of a vehicle (Cal. Veh. Code § 10851(a), and reckless driving while fleeing a police officer (Cal. Veh. Code § 2800.2(a)). Pet'r's P. & A. at 4. Cal. Penal Code § 1381 provides that within ninety days after demand by a defendant, any pending charge against him must be brought to trial or be dismissed. In his grievance, petitioner noted that he was being held on a "state parole hold," and that the refusal to file the § 1381 Notice was "a clear violation of [his] right to request state and county charges and time to run concurrent." Pet'r's Ex. D. The correctional officer who was subject of the grievance responded: "No booking # & not grievable offense, form turned into operations, they stated inmate is not sentenced." Id. On December 11, 2007, petitioner appealed the denial of the grievance, but received no response from prison authorities. Id.

On December 17, 2007, petitioner submitted to the Contra Costa Detention Facility's "Holds, Warrants and Detainers" staff a request for any information pertaining to any pending holds or warrants. Pet'r's Ex. E. He was subsequently informed that "[a]t this time, you show no holds, warrants or detainers." Id.

On December 21, 2007, petitioner's parole was revoked. Pet'r's Ex. C. He was ordered to return to state custody for eleven months. Id. Before being transferred to state prison, petitioner submitted another request to jail authorities for information on any pending holds or warrants. Pet'r's Ex. G.

On January 11, 2008, petitioner again attempted to have detention facility staff file a Cal. Penal Code § 1381 Notice, but received no response from the authorities. Pet'r's Ex. F.

On February 8, 2008, a staff member responded to his request for information, stating "[y]ou show no holds, warrants or detainers at this time." Pet'r's Ex. G.

On April 23, 2008, petitioner received notification that the Richmond Police Department had filed a detainer against him on April 22, 2008, on charges of theft and unlawful driving or taking of a vehicle, as well as reckless driving while fleeing a police officer, which led to his arrest on December 6, 2007. Pet'r's Ex. A. Citing a "Warrant Abstract," Pet'r's Ex. B,

2

1  petitioner contends that the warrant for his arrest was issued on December 8, 2007, and that charges
2  were filed on December 19, 2007.

3  Petitioner was arraigned on the above charges, as well as a charge of resisting a police
4  officer, on May 29, 2008. Supp. Pet. Attach. Petitioner was offered a plea bargain pursuant to
5  which in exchange for pleading guilty to Cal. Veh. Code § 10851(a) and Cal. Penal Code § 69, he
6  would be sentenced to three years in state prison, and any enhancements that would prevent him
7  from receiving a "50% good time credit" would be struck. Supp. Pet., Zambrana Decl. Petitioner
8  contends that before he had a chance to consider the plea offer, his attorney withdrew from his case
9  due to a conflict. He states that the prosecutor then vindictively sought a grand jury indictment,
10 added extra charges as well as a three-strike enhancement. He then offered him "13 year 85%
11 oppose [sic] to 3 years with half time serve." Supp. Pet.

12 After filing several state habeas petitions, all of which were denied, petitioner filed the
13 instant federal habeas petition on October 9, 2008. He filed a supplemental petition on December 3,
14 2008. Respondent filed an answer on August 14, 2009. Petitioner filed a traverse on October 1,
15 2009.

## LEGAL STANDARD

18 This court may entertain a petition for a writ of habeas corpus "in behalf of a person in
19 custody pursuant to the judgment of a State court only on the ground that he is in custody in
20 violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v.
21 Hodges, 423 U.S. 19, 21 (1975).

22 A district court may not grant a petition challenging a state conviction or sentence on the
23 basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of
24 the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application
25 of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2)
26 resulted in a decision that was based on an unreasonable determination of the facts in light of the
27 evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529
28 U.S. 362, 412–13 (2000). If the state court did not reach the merits of a claim, federal review of the

claim is de novo. Nulph v. Cook, 333 F.3d 1052, 1057 (9th Cir. 2003).

A federal court must presume the correctness of the state court's factual findings. 28 U.S.C. § 2254(e)(1). The state court decision implicated by 2254(d) is the "last reasoned decision" of the state court. See Ylst v. Nunnemaker, 501 U.S. 797, 803–04 (1991); Barker v. Fleming, 423 F.3d 1085, 1091–92 (9th Cir. 2005).

Habeas relief is warranted only if the constitutional error at issue had a "'substantial and injurious effect or influence in determining the jury's verdict.'" Penry v. Johnson, 532 U.S. 782, 796 (2001).

**ANALYSIS**

**A. Claim 1**

Petitioner contends that by failing to file his Cal. Penal Code § 1381 Notice and Demand for Trial, jail authorities denied him his rights to due process and a speedy trial. Petitioner cites state law in support of his claim. Pet'r's P. & A. at 5-6.

To the extent that petitioner articulates only a violation of state law, his claim is not cognizable on federal habeas. A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). In other words, a writ of habeas corpus is available under § 2254(a) "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)), cert denied, 478 U.S. 1021 (1986). It is unavailable for violations of state law or for alleged error in the interpretation or application of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Here, petitioner's claim raises issues solely of state law and must be denied.

Even if petitioner had properly articulated a violation of his federal constitutional rights, he still would not be entitled to relief. A speedy trial is a fundamental right guaranteed the accused by the Sixth Amendment to the Constitution and imposed by the Due Process Clause of the Fourteenth Amendment on the states. Klopfer v. North Carolina, 386 U.S. 213, 223 (1967). The right to a

4

speedy trial however, does not attach until a defendant has been "indicted, arrested, or otherwise officially accused" in the course of a criminal prosecution. United States v. MacDonald, 456 U.S. 1, 6 (1982). Here, petitioner was arrested for violating conditions of parole, not on the charges that were later brought against him. Because no criminal prosecution appears to have been instituted against petitioner at the time that the jail authorities allegedly refused to file his § 1381 Notice, such refusal could not have violated petitioner's Sixth Amendment right to a speedy trial.

Furthermore, even assuming that the warrant abstract cited by petitioner, Pet'r's Ex. B, establishes the institution of a criminal proceeding, petitioner fails to establish a violation of his right to a speedy trial. In order to determine whether the right to a speedy trial has been violated, courts must apply a flexible "functional analysis," Barker v. Wingo, 407 U.S. 514, 522 (1972), and weigh the following factors: (1) length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. Doggett v. United States, 505 U.S. 647, 651 (1992); Barker, 407 U.S. at 530; United States v. Lam, 251 F.3d 852, 855 (9th Cir.), amended, 262 F.3d 1033 (9th Cir. 2001). Petitioner fails to demonstrate that these factors, as applied to his case, establish a violation of his right to a speedy trial.

Finally, jail authorities did not violate petitioner's due process rights under the Fifth Amendment. In order to establish that pre-indictment delay has risen to the level of a denial of due process, a petitioner must demonstrate actual prejudice from the delay; only if actual prejudice is shown must the reasons for and length of the delay be balanced against such prejudice. United States v. Moran, 759 F.2d 777, 780-781 (9th Cir. 1085). Petitioner does not allege that he has suffered any prejudice from the actions of the jail authorities. Rather, he states that he need not establish prejudice under California law. Pet'r's P. & A. at 7. Petitioner fails to establish a due process violation.

The state court reasonably denied petitioner's claim. Accordingly, petitioner's claim is denied.

**B.  Claims 2 and 3**

In claim 2, petitioner alleges that he is entitled to the dismissal of his case because he was not brought to trial within the statutory period set forth in Cal. Penal Code § 1382(2). In claim 3,

petitioner alleges that he is not required by state law to show prejudice in order to obtain relief. Because petitioner articulates only violations of state law, his claims are not cognizable on federal habeas and must be denied. See Estelle, 502 U.S. at 67-68.

**C.  Claim 4**

In his supplemental petition, petitioner alleges that the prosecutor engaged in vindictive prosecution. He claims that before his preliminary hearing, the prosecutor offered him a plea bargain. Before petitioner could accept the deal however, his attorney withdrew from his case due to a conflict. The prosecutor then decided to proceed with a grand jury indictment, and added additional charges and enhancements. The prosecutor subsequently offered a less generous plea bargain.

As respondent correctly points out, petitioner has not properly exhausted this claim as it appears that it was never raised in state court. An unexhausted claim may, however, be denied on the merits. 28 U.S.C. § 2254(b)(2).

The only authority petitioner cites in support of his claim is Blackledge v. Perry, 417 U.S. 21 (1974). In Blackledge, the prosecutor charged the defendant with a felony after the defendant appealed his misdemeanor conviction. The Supreme Court held that it was not constitutionally permissible for the state to respond to the defendant's invocation of his statutory right to appeal by bringing a more serious charge against him. Id. at 28. Here, petitioner does not allege that the prosecutor was retaliating against him for exercising a statutory right, nor does he allege a lack of legal or factual basis for the added charges. Rather, he simply states that the prosecutor filed more charges against him and offered him a less generous plea bargain than the one originally offered. The exercise of such discretion during the plea bargaining process however, does not violate due process. See Bordenkircher v. Hayes, 434 U.S. 357, 362-365 (1978).

For the above-mentioned reasons, petitioner's claim lacks merit and is denied.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. The Clerk of the Court shall enter judgment and close the file.

6

Furthermore, no certificate of appealability is warranted in this case. Petitioner has failed to make a substantial showing that any of his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find this Court's denial of his claims debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability is DENIED. See Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). Petitioner may not appeal the denial of a certificate of appealability in this Court but may seek a certificate from the Ninth Circuit under Rule 22 of the Federal Rules of Appellate Procedure. Id.

IT IS SO ORDERED.

DATED: 7/12/10

　　　　　　　　　　　　　　　*Saundra B Armstrong*
　　　　　　　　　　　　　　　SAUNDRA BROWN ARMSTRONG
　　　　　　　　　　　　　　　United States District Judge

G:\PRO-SE\SBA\HC.08\Sturgis4672.denyHC.wpd    7

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMOS WAYNE STURGIS, | Case Number: CV08-04672 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 14, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lamos Wayne Sturgis F-28185
California Men's Colony State Prison
P.O. Box 8101
San Luis Obispo, CA 93409-8101

Dated: July 14, 2010

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\HC.08\Sturgis4672.denyHC.wpd